BROWNE WOODS GEORGE LLP
Peter W. Ross (SBN 109741)
pross@bwgfirm.com
Keith J. Wesley (SBN 229276)
kwesley@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067
Tel: 310.274.7100 / Fax: 310.275.5697

Attorneys for Plaintiff
STOP STARING! DESIGNS

ONE LLP
Peter R. Afrasiabi (SBN 193336)
pafrasiabi@turnergreen.com
Chris W. Arledge (SBN 200767)
carlegde@turnergreen.com
Imran F. Vakil (SBN 248859)
ivakil@turnergreen.com
535 Anton Boulevard, Suite 850
Costa Mesa, CA 92626
Tel: 714.434.8750 / Fax: 714.434.8756

Attorneys for Defendants
TATYANA, LLC d/b/a BETTIE PAGE
CLOTHING, TATYANA KHOMYAKOVA, and
JAN GLASER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STOP STARING! DESIGNS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TATYANA, LLC, a Nevada corporation d/b/a/ BETTIE PAGE CLOTHING; TATYANA KHOMYAKOVA, an individual; JAN GLASER, an individual; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.  CV 09-02014 DSF (AJWx)<br><br>The Honorable Andrew J. Wistrich<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER** |

237084_1.DOC

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

## JOINT STIPULATION

Plaintiff STOP STARING! DESIGNS, and Defendants TATYANA, LLC d/b/a/ BETTIE PAGE CLOTHING, TATYANA KHOMYAKOVA, and JAN GLASER, Case Number CV09-02014 DSF (AJWx), jointly stipulate to be governed in this action by the protective order set forth below and jointly request that the Court enter an order containing those terms.

Good cause exists for the entry of a protective order, as disclosure of the parties' Confidential Information (as that term is defined below) would cause substantial financial and business harm to the parties. The parties maintain confidential information and documents concerning, inter alia, pricing, manufacturing, sales, costs of goods, customer and supplier lists, profits and other financial subjects, marketing, ideas for new products, research and development. Plaintiff has alleged in this action that Defendants have misappropriated Plaintiff's trade secrets, and the parties have alleged other claims and defenses that may necessitate the discovery of Confidential Information.

Public disclosure of the parties' Confidential Information (as defined below) may provide third-party competitors with a significant unfair advantage vis-à-vis the parties to this Action.  The parties themselves are competitors, and therefore disclosure of certain forms of Confidential Information to each other may result in harm to the parties and their businesses.  Thus, absent a protective order that facilitates confidential discovery, the parties would likely suffer significant financial and business losses.

The parties therefore jointly stipulate to and request that the Court enter the following protective order.

## PROTECTIVE ORDER

The Court, finding that the order requested by the undersigned parties is proper and desirable in the circumstances of this case, and good cause appearing therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, makes the

following Order for the benefit of all parties and witnesses to govern the course of the proceedings in this case:

1. The following definitions shall apply to this Order:

    (a) "Confidential Information" shall mean and refer to any information that has not been made public and the disclosure of which may cause harm to the person or entity from which the information is obtained, including, but not limited to, documents and/or data that is considered in good faith by the designating party to constitute a trade secret (as defined in California Civil Code § 3426.1), confidential information, and/or proprietary business or technical information.  The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed in good faith to be confidential within the meaning of this Protective Order.

    (b) "Confidential for Attorneys' Eyes Only Information" shall mean and refer to any Confidential Information that is considered in good faith by the designating party to be so highly sensitive that disclosure to persons other than limited and specified individuals could cause undue risk of substantial and immediate injury to the business of the producing party. The designation made by a disclosing party or non-party shall be a certification to the Court and the other parties that such information is believed to be highly sensitive Confidential Information and subject to this more restrictive classification within the meaning of this Protective Order.

    (c) "Qualified Persons" entitled to view or receive Confidential Information not designated Confidential for Attorneys' Eyes Only Information shall be limited to:

        i. Counsel to any party to the litigation and those employees of the parties' counsel who need to see such Confidential Information in order to perform their jobs, including the paralegals, clerical staff, secretarial staff, and other support personnel employed by such counsel;

    ii. Those officers, directors or employees of the parties to this litigation, including their parents, subsidiaries, affiliates and insurers, who are reasonably necessary to assist counsel in this litigation;

    iii. Any persons who appear on the face of the Confidential Information as an author, addressee or prior recipient thereof;

    iv. Expert witnesses or consultants retained or employed by the parties or their respective attorneys solely for the purpose of assisting counsel in the prosecution, defense or settlement of this Action who have complied with paragraph 2, below, and the employees of such experts or consultants who are assisting them;

    v. The United States District Court for the Central District of California and its personnel, the United States Court of Appeals for the Ninth Circuit and its personnel, and any other court of competent jurisdiction having involvement in this matter and its personnel.

    vi. Court reporters, stenographers, and video reporters/videographers who are retained to transcribe or videotape testimony, including depositions, in the action;

    vii. Any designated arbitrator who is assigned to hear and adjudicate the above-captioned Action, or any mediator who is assigned to mediate the above-captioned Action or consulted by agreement of the parties in any attempt to settle this matter, and any of their respective personnel;

    viii. Witnesses at any deposition or other proceeding in this action, during the course of their testimony upon the witness being advised of the need and agreeing to keep the records confidential; and/or

    ix. Any other person to whom the parties agree in writing.

  (d) "Qualified Persons" entitled to view or receive Confidential for Attorneys' Eyes Only Information shall be limited to:

    i. Counsel to any party to the litigation and those employees

of the parties' counsel who need to see such Confidential for Attorneys' Eyes Only Information in order to perform their jobs, including the paralegals, clerical staff, secretarial staff, and other support personnel employed by such counsel;

  ii. Any persons who appear on the face of the Confidential for Attorneys' Eyes Only Information as an author, addressee or prior recipient thereof;

  iii. Expert witnesses or consultants who are not employees of any Party and who are retained or employed by the parties or their respective attorneys solely for the purpose of assisting counsel in the prosecution, defense or settlement of this Action who have complied with paragraph 2, below, and the employees of such experts or consultants who are assisting them, to the extent counsel of record in good faith believes such disclosure is required to assist in the prosecution, defense or resolution of this litigation;

  iv. The United States District Court for the Central District of California and its personnel, the United States Court of Appeals for the Ninth Circuit and its personnel, and any other court of competent jurisdiction having involvement in this matter and its personnel.

  v. Court reporters, stenographers, and video reporters/videographers who are retained to transcribe or videotape testimony, including depositions, in the action;

  vi. Any designated arbitrator who is assigned to hear and adjudicate the above-captioned Action, or any mediator who is assigned to mediate the above-captioned Action or consulted by agreement of the parties in any attempt to settle this matter, and any of their respective personnel;

  vii. Witnesses at any deposition or other proceeding in this action, during the course of their testimony, whom counsel for a Party legitimately believes may, might or could have knowledge of the contents of the document designated Confidential for Attorneys' Eyes Only or the specific events,

1  transactions, discussions, or data reflected in the document, and upon the witness
2  being advised of the need and agreeing to keep the records confidential; and/or
3              viii.   Any other person to whom the parties agree in writing.
4       2.    Prior to receiving information designated as Confidential Information
5  or Confidential for Attorneys' Eyes Only Information, all Qualified Persons
6  identified in Paragraph 1(c), subparagraphs (iv), (vii), (viii) or (ix), or Paragraph
7  1(d), subparagraphs (iii), (vi), (vii) or (viii), shall be provided with a copy of this
8  Protective Order and shall sign a Written Assurance statement in substantially the
9  following form:
10       "I [name], [position of employment], hereby acknowledge that any
11 information provided to me is subject to the terms and conditions of the Protective
12 Order in Case No. CV09-02014 DSF (AJWx), pending in the United States District
13 Court for the Central District of California.
14       Having been given a copy of the Protective Order, and having read and
15 understood its contents, I hereby expressly agree to be bound by and comply with
16 the terms and provisions thereof.  I further agree that I will not disclose documents
17 or information designated Confidential Information or Confidential For Attorneys'
18 Eyes Only Information except as specifically permitted by the terms of the
19 Protective Order, and that I will use the documents or information solely for
20 purposes of this litigation in accordance with the Protective Order.  I hereby
21 consent to the jurisdiction of the United States District Court for the Central District
22 of California for purposes of enforcing the aforesaid Protective Order."
23       The original of the executed written assurance shall remain in the
24 possession of the attorney who makes the disclosure of the Confidential
25 Information or the Confidential for Attorneys' Eyes Only Information until the
26 parties agree in writing to the contrary.
27       3.    The production of any material or information during discovery in this
28 action shall be without prejudice to any claim that such is privileged as a trade

1  secret or confidential and proprietary business information, or protected by the right
2  of privacy, and no party shall be held to have waived these privileges or right by
3  such production.

4      4.   Whenever during the course of discovery in this matter a party or
5  witness is properly requested to disclose, or voluntarily discloses, materials or
6  information that a party considers to be Confidential Information or Confidential
7  Attorneys' Eyes Only Information, that party shall indicate at or before the time of
8  disclosure that the information or materials are Confidential Information or
9  Confidential for Attorneys' Eyes Only Information by marking the information or
10 materials as such or putting some other similar designation thereon, or by indicating
11 in some other appropriate fashion that the information or materials produced are
12 subject to this protective order.   Inadvertent failure to designate material as
13 "Confidential" or "Confidential--For Attorneys' Eyes Only" under this Order shall
14 not operate as waiver of the Party's right to subsequently designate such material as
15 "Confidential" or "Confidential--For Attorneys' Eyes Only."

16     5.   Materials or information designated as Confidential Information or
17 Confidential for Attorneys' Eyes Only Information,  including any summaries,
18 copies, abstracts, or other documents containing the Confidential Information or
19 Confidential for Attorneys Eyes Only Information, shall be treated in accordance
20 with the terms of this Protective Order and shall be used by the parties, their
21 respective agents, and any other persons to whom such Confidential Information or
22 Confidential for Attorneys' Eyes Only Information may be disclosed pursuant to
23 this Protective Order, only for the prosecution, defense or settlement of this Action,
24 and for no other purposes, including but not limited to business and other litigation
25 purposes.  Notwithstanding the foregoing, nothing in this Protective Order shall
26 prevent or limit the ability of either party to disclose Confidential Information or
27 Confidential for Attorneys' Eyes Only Information lawfully obtained by such Party
28 independent of discovery in this action, whether or not such material is also

237084_1.DOC                                -6-

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

obtained through discovery in this action, or from disclosing its own Confidential Information or Confidential for Attorneys' Eyes Only Information to any person as it deems appropriate.

6.   If any Party or their counsel is served with a subpoena requiring production of any Confidential Information or Confidential For Attorneys' Eyes Only Information such Party shall send via facsimile or email, within three (3) court days, a copy of the subpoena to the attorney for the producing Party.  The Parties agree that the producing Party shall have five (5) court days from receipt of the facsimile or email within which to file a motion objecting to the subpoena or to seek other relief after receiving the notice referred to above.  If a motion objecting to the subpoena is timely filed, the subpoenaed Party shall not produce the material until after the court rules on such motion, unless required to do so pursuant to court order (other than the subpoena itself) or other applicable law.

7.   When briefs, memoranda or other documents or things containing Confidential Information or Confidential for Attorneys' Eyes Only Information are filed with the Court, those briefs, memoranda or other documents or things must first be lodged in the chambers of the Magistrate Judge or the District Judge, along with a request that the materials be approved for filing under seal.  The request to file documents under seal should meet the requirements of Local Rule 79-5 and Paragraph 6 of Judge Fischer's Standing Order.  If the Magistrate Judge or the District Judge approves this request, and orders that the documents may be filed under seal, the documents shall then be filed under seal. However, should the Magistrate Judge or the District Judge decline to allow the documents or things to be filed under seal, nothing in this Order shall prevent the filing party from submitting the documents or things to the Court in an unsealed filing.

8.   Should any document(s) containing Confidential Information or Confidential For Attorneys' Eyes Only Information be inadvertently filed without the designation referred to in paragraph 4, the Party filing the document(s) shall,

| | |
|---|---|
| 1 | upon discovering the error or upon written notification of the error, promptly ask |
| 2 | the Court to allow it to withdraw the documents, and will then follow the |
| 3 | procedures required by paragraph 7, above. |
| 4 |       9.    Agreement to this protective order is not a consent or admission as to |
| 5 | the actual confidentiality of any material.  Should any party desire to challenge the |
| 6 | designation of any material or information as Confidential Information or |
| 7 | Confidential for Attorneys' Eyes Only Information, such party may move the Court |
| 8 | for an order changing such designation and/or releasing the material from the |
| 9 | provisions of this Order. The Court, upon notice to the parties and upon a showing |
| 10 | of good cause, may at any time order removal of the Confidential or Confidential |
| 11 | for Attorneys' Eyes Only designation from any materials or information, or |
| 12 | otherwise amend this Order.  However, until any such order is issued by the Court, |
| 13 | the material or information must continue to be treated as Confidential or |
| 14 | Confidential for Attorneys' Eyes Only according to its designation. |
| 15 |       10.    A producing Party may give notice to another Party that it is |
| 16 | eliminating or changing a previous designation of material as "Confidential" or |
| 17 | "Confidential - For Attorneys' Eyes Only."  In that event, if the producing Party |
| 18 | does not wish the previous designation to be known, the producing Party shall |
| 19 | provide a new, redesignated copy of the documents or other material.  Such |
| 20 | redesignated copy will then be the only version of the documents that may be used |
| 21 | as an exhibit at trial or otherwise displayed to the court.  No mention shall be made |
| 22 | to the Court of the previous designation. |
| 23 |       11.    Within 60 days after the termination of this Action and the expiration |
| 24 | of the time for appeal or final determination of any appeal, all originals and copies |
| 25 | of any Confidential Information or Confidential for Attorneys' Eyes Only |
| 26 | Information in the possession, custody or control of any person or entity (other than |
| 27 | the courts identified in paragraphs 1(c)(v) and 1(d)(iv) above) shall be destroyed or |
| 28 | returned to the party who produced such document(s) or information.  In the event |

that the documents are destroyed, rather than returned, a letter to that effect shall be provided to counsel. Notwithstanding the foregoing, each Party's outside counsel may maintain one copy of all documents containing "Confidential Information" or "Attorney's Eyes Only Information" for the sole purpose of maintaining complete and accurate files of this action.

Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody or control of the District Court shall be disposed of as follows: Within 30 days after the termination of this Action and the expiration of the time for appeal or final determination of any appeal, any party to this action may provide to the District Court a package containing the materials necessary, with postage prepaid, to return the Confidential Information or Confidential for Attorneys' Eyes Only Information to that party (hereinafter "Return Package"). The party seeking return of the Confidential or Confidential for Attorneys' Eyes Only Information must be one of the parties to this action, or its counsel, but need not be the actual owner of the information or the party that actually submitted the information to the Court. The materials submitted to the Court in the Return Package shall include a list of the documents to be returned, and this list must be submitted to the other party at least one week prior to the expiration of the 30 day period referenced above. Any Confidential or Confidential for Attorneys' Eyes Only Information returned pursuant to the foregoing procedure must be treated by the receiving party strictly in accordance with the terms of this Protective Order. To the extent that the parties do not seek the return of Confidential or Confidential for Attorneys' Eyes Only Information as set forth above, the District Court may dispose of such Confidential Information or Confidential for Attorneys' Eyes Only Information in any manner it deems proper.

12. This Order shall be without prejudice to the right of the Parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including

restrictions differing from those as specified herein.

13. If a Party inadvertently produces material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, or learns of the production of such material by a third party, the Party may retrieve such information as follows:

(a) Within five (5) court days of the date of discovery by a Party of the inadvertent production by it or a third party, the Party asserting that an inadvertent production has occurred must give written notice to all other Parties that the Party claims the material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it.

(b) Upon receipt of such notice, any Party who has received the subject documents or material shall promptly return all copies to the Party asserting inadvertent production. In the event that only a part of a document is claimed to be privileged or protected, the Party asserting inadvertent production shall furnish to the other Parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

(c) Any Party who has received the subject documents or material may contest the claim of privilege or inadvertence by filing a motion contesting the claim within ten (10) court days of receiving the notice under subparagraph (a) above. During the pendency of such motion, the receiving Party need not return all copies of the produced documents or material to the Party asserting inadvertent production; however, the receiving Party may not use or disclose the material for any purpose other than prosecution of the motion challenging the privilege or protection claim.

(d) The provisions of the above subparagraphs are without prejudice

1  to any other rights that any Party may have with respect to challenging or defending
2  any claim of privilege.
3      14.   Third parties who produce documents or materials or provide
4  testimony in connection with this action, whether in response to a subpoena or
5  otherwise, may produce such documents or materials and/or testify pursuant to the
6  protections afforded by this Order by complying with paragraph 2 above.
7      15.   The provisions of this Protective Order are subject to further Court
8  order based upon public policy and other considerations.
9  //
10 //

16. Without separate and subsequent Court order, this Protective Order does not change, amend, or circumvent any Court rule or Local Rule.

**RESPECTFULLY SUBMITTED**.

Dated: October 20, 2009

BROWNE WOODS GEORGE LLP
Peter W. Ross
Keith J. Wesley

By: /s/ Peter W. Ross
Peter W. Ross

Attorneys for Plaintiff
STOP STARING! DESIGNS

Dated: October 20, 2009

ONE LLP
Peter R. Afrasiabi
Chris W. Arlegde
Imran F. Vakil

By: /s/Peter R. Afrasiabi
Peter R. Afrasiabi

Attorneys for Defendants
TATYANA, LLC d/b/a BETTIE PAGE CLOTHING, TATYANA KHOMYAKOVA, and JAN GLASER

IT IS SO ORDERED

Dated: 10/16/2009

/s/
The Honorable Andrew J. Wistrich

237084_1.DOC

-12-

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**