BROWNE WOODS GEORGE LLP
Peter W. Ross (State Bar No. 109741)
  pross@bwgfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bwgfirm.com
Cheryl Priest Ainsworth (State Bar No. 255824)
  cainsworth@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff and
Counterdefendant STOP STARING!
DESIGNS, and Counterdefendant ALICIA
ESTRADA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STOP STARING! DESIGNS, a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>TATYANA, LLC, a Nevada corporation d/b/a BETTIE PAGE CLOTHING; TATYANA KHOMYAKOVA, an individual; JAN GLASER, an individual; DESIGN TECHNOLOGY GROUP LLC, a Nevada limited liability company d/b/a BETTIE PAGE CLOTHING, and Does 1 through 10, inclusive,<br><br>            Defendants.<br><br>TATYANA, LLC, a Nevada corporation d/b/a BETTIE PAGE CLOTHING,<br><br>            Counterclaimants,<br><br>    vs.<br><br>STOP STARING! DESIGNS, a California corporation; ALICIA ESTRADA, an individual; and ROES 1-10, inclusive,<br><br>            Counterdefendants. | Case No. CV-09-02014 DSF (AJWx)<br><br>**PLAINTIFF STOP STARING! DESIGNS' MOTION IN LIMINE NUMBER 5 – TO EXCLUDE CERTAIN OPINIONS OF DEFENDANTS' EXPERT, ANTONIO SARABIA**<br><br>Judge: Hon. Dale S. Fischer<br>Date:  August 15, 2011<br>Time:  3:00 p.m.<br>Crtrm.: 840<br><br>Trial Date: August 30, 2011 |

287314.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 15, 2011, at 3:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 840 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, before the Honorable Dale S. Fischer, plaintiff and counter-defendant Stop Staring! Designs ("Stop Staring") will, and hereby does, move this Court in limine for an order excluding defendants' expert, Antonio Sarabia, from opining on certain matters set forth in his expert report.

Stop Staring brings this motion pursuant to Rules 401-403 and 702 of the Federal Rules of Evidence, as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Mr. Sarabia's opinions A-F are irrelevant because they relate solely to claims that have been voluntarily dismissed without prejudice and therefore will not be in issue at trial. Moreover, they are "rebuttal opinions" that do not "rebut" any opinions that Stop Staring's experts intend to give at trial. Mr. Sarabia's opinion H is an impermissible opinion on an ultimate issue to be tried, thus usurping the role of the jury, and his opinion on the subject is no more reliable than that of the average juror.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Keith J. Wesley, the pleadings, records and files herein, any evidence received or arguments made at the hearing on this motion, and such other matters as the Court deems proper.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 7, 2011.

287314.1

-2-

PLAINTIFF STOP STARING! DESIGNS' MOTION IN LIMINE NUMBER 5 –
TO EXCLUDE CERTAIN OPINIONS OF DEFENDANTS' EXPERT, ANTONIO SARABIA

DATED: July 25, 2011

BROWNE WOODS GEORGE LLP
Peter W. Ross
Keith J. Wesley
Cheryl Priest Ainsworth

By     s/ Keith J. Wesley
Keith J. Wesley
Attorneys for Plaintiff and Counterdefendant
STOP STARING! DESIGNS, and
Counterdefendant ALICIA ESTRADA

287314.1

-3-

PLAINTIFF STOP STARING! DESIGNS' MOTION IN LIMINE NUMBER 5 –
TO EXCLUDE CERTAIN OPINIONS OF DEFENDANTS' EXPERT, ANTONIO SARABIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Introduction.

In this case, plaintiff Stop Staring! Designs ("Stop Staring") alleges that defendants Tatyana LLC and Design Technology Group LLC (both d/b/a Bettie Page Clothing) and defendants' individual owners infringed upon Stop Staring's trade dress and trademark in violation of both the Lanham Act and the common law of California. Defendants brought intentional interference counterclaims.

Defendants intend to present expert testimony of Antonio Sarabia at trial. Mr. Sarabia's opinions A-F are irrelevant because they relate solely to claims that have been voluntarily dismissed.[1] His opinions A-F are also inadmissible because they were disclosed in a "rebuttal" report, yet the opinions do not rebut any opinion that Stop Staring's experts intend to give at trial. Mr. Sarabia's opinion H – *i.e.*, that there is no likelihood of confusion – is improper because "likelihood of confusion" is an ultimate issue for the trier of fact. To the extent expert testimony on the issue is admissible, it must be based on a survey – something Mr. Sarabia did not conduct.

## 2. Mr. Sarabia's Opinions "A-F" Should Be Excluded Because They Are Irrelevant And Will Not Rebut Any Opinions Of Stop Staring's Experts.

Stop Staring previously asserted claims of fraud and trade secret misappropriation. Defendants retained an expert, Antonio Sarabia, to submit a report in which he opined in large part on issues related to Stop Staring's fraud and trade secret claims – *e.g.*, whether the idea of using Bettie Page as the name of a retail store could qualify as a trade secret, whether Stop Staring reasonably relied on Defendants' alleged misrepresentations and whether the information provided by Stop Staring to Defendants could qualify as confidential or valuable.

---

[1] Mr. Sarabia's opinions on issues relevant solely to the fraud and trade secret claims are summarized on pages 4-6 of his report as letters A-F. His report is appended as Exhibit E to the Wesley Declaration filed concurrently herewith.

287314.1

-4-

Stop Staring recently voluntarily dismissed without prejudice its fraud and trade secret claims. Therefore, those claims will not be in issue at the trial in this matter. Mr. Sarabia's opinions A-F have been rendered irrelevant and should be excluded as such. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); *see also* Fed. R. Evid. 403 (evidence inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

Moreover, Mr. Sarabia disclosed his opinions in a "rebuttal report". However, none of Stop Staring's experts intend to opine as to issues related to opinions A-F. Therefore, Mr. Sarabia has nothing to rebut on those subjects. *See, e.g., Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D.Haw. 2008) (striking a rebuttal report which did not contradict or rebut any opinion presented by the opposing party's expert); *Mainochi v. Union Pacific Corp.*, 2007 WL 2022027, *1 (N.D. Cal. July 9, 2007) (holding that an expert designated to opine regarding the reasonableness of attorney's fees was not a rebuttal expert where the expert he purportedly rebutted did not give an opinion on that topic).

**3. Mr. Sarabia's Opinion "H" Should Be Excluded Because Non-Survey Experts Generally Are Not Permitted To Opine On Likelihood Of Confusion And His Opinion Does Not Rebut Any Opinion Of Stop Staring's Experts.**

Mr. Sarabia also opined in his report that there is no likelihood of confusion between the trade dresses in issue. Such opinion is improper.

In trademark and trade dress cases, expert opinion regarding likelihood of confusion generally is based upon a survey of relevant consumers. *See Patsy's Italian Restaurant, Inc. v. Banas*, 531 F. Supp. 2d 483, 485 (E.D.N.Y. 2008). Like Defendants here, previous parties to trademark cases have attempted to admit expert testimony regarding "likelihood of confusion" based solely upon the expert's

observation of the marks and related evidence regarding the usage of the marks in commerce. Courts have excluded such testimony as improper opinion. *See, e.g., Patsy's*, 531 F. Supp. 2d at 486; *Trouble v. The Wet Seal, Inc.*, 179 F. Supp. 2d 291, 302-03 (S.D.N.Y. 2001).

For example, in *Patsy's*, the plaintiff sought to admit testimony from its marketing expert regarding the likelihood of confusion and overall commercial impression of the two marks in issue. The Court found that the plaintiff "failed to show why [the expert's] testimony would assist the jury on the issue of likelihood of confusion when they can just as easily make a comparison between the parties' marks." *Patsy's*, 531 F. Supp. 2d at 485. Therefore, the Court held the expert's testimony "will not assist the trier of fact to understand the evidence or to determine the facts relating to the likelihood of confusion." *Id.* The Court further ruled that the expert's methodology – *i.e.*, a review of the marks in issue and application of his academic experience and knowledge – was not reliable because "[t]he usual method to introduce evidence on the issue of likelihood of confusion is through consumer surveys." *Id.* Similarly, in *Trouble*, the plaintiff's marketing expert "visited several of the parties' stores, looked at their products, and reviewed [plaintiff's] confusion logs." *Trouble*, 179 F. Supp. 2d at 302. Based upon that research, the expert concluded there was a likelihood of confusion. The Court excluded the expert's testimony, holding that "[c]omparing products and store appearances is something the average trier of fact can perform without the assistance of a former retailing executive." *Id.* at 303.

Mr. Sarabia's opinion regarding "likelihood of confusion" in this case is analogous to the expert opinions held inadmissible in *Patsy's* and *Trouble*. He did not survey or speak with any of the relevant customers. His opinion is based on nothing more than his own speculation. All of the "facts" upon which Mr. Sarabia bases his opinion are matters that the jury could just as well analyze on its own based upon the evidence in the record and the jurors' own experiences.

Moreover, "[w]hether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Kozak v. Medtronic, Inc.*, 512 F. Supp. 2d 913, 917-18 (S.D. Tex. 2007), *quoting Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990). "An expert qualified in one subject matter does not thereby become an expert for all purposes. Testimony on subject matters unrelated to the witness's area of expertise is prohibited by Rule 702." *Malletier v. Dooney & Burke, Inc.*, 525 F. Supp. 2d 558, 642 (S.D.N.Y. 2007); *see also U.S. v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989) (purported expert "lacked significant practical experience in the field and had not made any special study of the subject. Accordingly, this testimony was properly excluded."). Thus, an expert in one field may "not qualify by virtue of 'knowledge, skill, experience, training or education' in the area in which her testimony and expert report are offered." *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 353 (S.D.N.Y. 2003) (excluding damages expert because her "experience with pricing specially commissioned photographic shoots fails to qualify her as an expert on the matter of valuing a stock photograph").

Mr. Sarabia has no specialized qualifications or background for making an assessment of likelihood of confusion amongst the relevant consumer population – *i.e.*, women who are interested in retro-style clothing and most notably women in the rockabilly community. He has not worked in or studied the retro-dress niche. While he may have an idea of what consumers of Guess! or Nike may think, he has no idea what drives women in the retro-dress market. Mr. Sarabia is no more qualified than the average juror in opining on the likely mindset of the relevant consumer population. There is nothing scientific or reliable about Mr. Sarabia's methodology. His opinion on "likelihood of confusion" should be excluded under *Daubert* and Rule 702.

Finally, Stop Staring's experts do not intend to opine on the ultimate issue of

"likelihood of confusion". Mr. Sarabia is a "rebuttal" expert. Until Stop Staring's experts opine on "likelihood of confusion", Mr. Sarabia will have nothing to rebut. *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011); *Laflamme v. Safeway, Inc.*, 2010 WL 3522378, *2 (D.Nev. Sep. 2, 2010) ("rebuttal expert testimony must address the 'same subject matter' identified by the initial expert").

## 4. Conclusion.

For the foregoing reasons, Stop Staring respectfully requests that the Court order that Defendants' expert, Antonio Sarabia, be prohibited from testifying on matters related to his opinions A-F and H set forth on pages 4-6 of his report.

DATED: July 25, 2011

BROWNE WOODS GEORGE LLP
Peter W. Ross
Keith J. Wesley
Cheryl Priest Ainsworth

By    s/ Keith J. Wesley
      Keith J. Wesley
Attorneys for Plaintiff and Counterdefendant STOP STARING! DESIGNS, and Counterdefendant ALICIA ESTRADA