Peter R. Afrasiabi (Bar No. 193336)
E-mail: pafrasiabi@onellp.com
Christopher W. Arledge (Bar No. 200767)
E-mail: carledge@onellp.com
Imran F. Vakil (Bar No. 248859)
E-mail: ivakil@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, California 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Defendants/Counterclaimants
Tatyana, LLC d/b/a Bettie Page Clothing, Design Technology Group LLC d/b/a Bettie Page Clothing, LLC Tatyana Khomyakova, and Jan Glaser

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STOP STARING! DESIGNS, a California corporation,<br><br>                    Plaintiff,<br><br>     vs.<br><br>TATYANA, LLC, a Nevada limited liability company d/b/a BETTIE PAGE CLOTHING; TATYANA KHOMYAKOVA, an individual;  JAN GLASSER, an individual; DESIGN TECHNOLOGY GROUP, LLC, a Nevada limited liability company d/b/a BETTIE PAGE CLOTHING; and Does 1 through 10, inclusive,<br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV09-2014 DSF (AJW)<br>Assigned for all purposes to:<br>Hon. Dale S. Fischer<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NUMBER 5 TO EXCLUDE CERTAIN OPINIONS OF DEFENDANTS' EXPERT, ANTONIO SARABIA**<br><br>TRIAL DATE:<br>DATE:         August 30, 2011<br>TIME:          8:00 am<br>PLACE:       Roybal, Courtroom 840<br><br>FINAL PRETRIAL CONFERENCE:<br>DATE:         August 15, 2011<br>TIME:          3:00 pm<br>PLACE:       Roybal, Courtroom 840 |

19332.1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5

Defendants agree that Mr. Sarabia's opinions A-F relate to claims that have been dismissed and are no longer relevant. But Plaintiff is wrong to assert that Sarabia's opinion H must be excluded.

Plaintiff's first argument is that Defendants' testimony about confusion is inadmissible.  Plaintiff is wrong, but some of what Plaintiff says is right.  Plaintiff rightly argues that an expert's bare opining that confusion is likely or unlikely is inadmissible, because the expert's opinion is irrelevant. Plaintiff also rightly argues that for an expert to opine on the likelihood of confusion, the expert must base his or her conclusion on a survey.  It is for this reason that Defendants moved to preclude Plaintiff's expert, Dr. Gary Frazier, from opining that confusion took place.  *See* Defendants' Motion in Limine No. 2 at docket 138.

But Mr. Sarabia's testimony is different. Mr. Sarabia intends to offer valuable testimony about wholesale buyers in the garment industry.  Under Sleekcraft, one of the factors relevant to a likelihood of confusion analysis is the type of goods and the degree of care likely to be exercised by the purchaser. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (1979).  Here, there are two different groups of consumers relevant to the trade dress infringement claim: retail buyers, who may have seen the parties' websites and been confused by similar trade dress, and wholesale buyers, who may have been confused by the parties' catalogs (which are only provided to wholesale buyers).  To properly consider the Sleekcraft factors, the trier-of-fact must understand how these different groups make buying decisions and what level of care they exercise.  Mr. Sarabia's opinion H offers valuable information on that subject.  Indeed, he offers a number of specific reasons why wholesale buyers have more knowledge about the source of products than do retail buyers, how there is substantial interaction between wholesale buyers and wholesale sellers, and

how wholesale buyers tend to be sophisticated, industry professionals. *See* Sarabia Report at 18-23.

All of this anticipated testimony is relevant to a Sleekcraft analysis, and the jury needs to hear it.

Plaintiff also argues that Mr. Sarabia's testimony is not proper rebuttal testimony. Plaintiff is wrong. Mr. Sarabia explains the factors that make confusion amongst wholesale buyers extremely unlikely, if not impossible. This directly contradicts the testimony of Dr. Frazier, who opines in his report that: (1) Defendants' use of the Stop Staring! brand name and trade dress significantly impacted reseller and consumer perceptions and behavior (p.2); (2) Defendants significantly benefited in a financial sense from their use of the Stop Staring! brand name and trade dress (id.); (3) The brand equity of the plaintiff's business was significantly damaged by the defendants' use of the Stop Staring! brand name and trade dress (id.); (4) Plaintiff suffered significant harm financially from Defendants' use of the Stop Staring! brand name and trade dress (id.); (5) the overall look and feel of the parties' websites is similar enough that many resellers and consumers familiar with the Stop Staring! site would think that Bettie Page Clothing is affiliated with Stop Staring Clothing (p.8); (6) Defendants put out a catalog with a design identical to Stop Staring's trade dress and thereby leveraged that trade dress in building their own business (p.9); (7) Defendants built their business through the use of Stop Staring! brand name and trade dress (id.); (8) Defendants' use of the Stop Staring! trade dress created significant harm to Plaintiff (pp.9-10); (9) Reseller and customer confusion resulted from the actions of the defendants (p.10); and (10) The Bettie Page catalog led to confusion amongst wholesale buyers (id.). Plaintiff is looking to offer testimony from Dr. Frazier about harm caused by confusion in the wholesale market without permitting Defendants the opportunity to have expert testimony rebutting Dr. Frazier's conclusions. That would be substantially unjust, and this Court should reject Plaintiff's argument.

| | |
|---|---|
| | Respectfully Submitted, |
| Dated: August 1, 2011 | **ONE LLP** |
| | By: /s/ Christopher W. Arledge |
| | Attorneys for Defendants Tatyana, LLC, Design Technology Group, LLC Tatyana Khomyakova, and Jan Glaser |

19332.1

4

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5**