1  BROWNE WOODS GEORGE LLP
   Peter W. Ross (State Bar No. 109741)
2    pross@bwgfirm.com
   Keith J. Wesley (State Bar No. 229276)
3    kwesley@bwgfirm.com
   Cheryl Priest Ainsworth (State Bar No. 255824)
4    cainsworth@bwgfirm.com
   2121 Avenue of the Stars, Suite 2400
5  Los Angeles, California 90067
   Telephone: (310) 274-7100
6  Facsimile: (310) 275-5697

7  Attorneys for Plaintiff and
   Counterdefendant STOP STARING!
8  DESIGNS, and Counterdefendant ALICIA
   ESTRADA

9              UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 | STOP STARING! DESIGNS, a         | Case No. CV-09-02014 DSF (AJWx)
   | California corporation,          |
13 |                                  | **DECLARATION OF KEITH J.**
   |        Plaintiff,                | **WESLEY IN OPPOSITION TO**
14 |                                  | **DEFENDANTS' MOTIONS IN**
   |     vs.                          | **LIMINE**
15 |                                  |
   | TATYANA, LLC, a Nevada           | Judge: Hon. Dale S. Fischer
16 | corporation d/b/a BETTIE PAGE    | Date:   August 15, 2011
   | CLOTHING; TATYANA                | Time:   3:00 p.m.
17 | KHOMYAKOVA, an individual; JAN   | Crtrm.: 840
   | GLASER, an individual; DESIGN    |
18 | TECHNOLOGY GROUP LLC, a          | Trial Date: August 30, 2011
   | Nevada limited liability company d/b/a |
19 | BETTIE PAGE CLOTHING, and Does   |
   | 1 through 10, inclusive,         |
20 |                                  |
   |        Defendants.               |
21 |                                  |
   | TATYANA, LLC, a Nevada           |
22 | corporation d/b/a BETTIE PAGE    |
   | CLOTHING,                        |
23 |                                  |
   |        Counterclaimants,         |
24 |                                  |
   |     vs.                          |
25 |                                  |
   | STOP STARING! DESIGNS, a         |
26 | California corporation; ALICIA   |
   | ESTRADA, an individual; and ROES |
27 | 1-10, inclusive,                 |
   |                                  |
28 |        Counterdefendants.        |

289486.1

## DECLARATION OF KEITH J. WESLEY

1.     I am an attorney at law, duly admitted to practice before all courts of the State of California.  I am a partner in the law firm of Browne Woods George LLP, counsel of record for plaintiff and counter-defendants Stop Staring! Designs ("Stop Staring") and Alicia Estrada ("Estrada") in this action.  I have first-hand, personal knowledge of the facts set forth below, and, if called as a witness, I could testify competently thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of excerpts from the transcript of the deposition of Alicia Estrada taken in this action.

3.     Attached hereto as Exhibit B is a true and correct copy of excerpts from the transcript of the deposition of James Atyeo taken in this action.

4.     On June 24, 2010, Stop Staring produced documents bates numbered SSD 0585-01264 to counsel for Defendants.  Attached hereto as Exhibit C is a true and correct copy of the June 24 cover letter accompanying those materials.

5.     Attached hereto as Exhibit D are true and correct copies of pictures of Stop Staring's trade show booth, which were produced to Defendants on June 24, 2010 as bates numbers SSD 01230-01253.

6.     On July 15, 2011, I met and conferred via telephone with counsel for Defendants, Christopher Arledge and Imran Vakil, regarding jury instructions and other trial issues.  During the phone conversation, I asked them whether Defendants intended to stipulate to any of the elements of Stop Staring's federal trademark claim.  I reminded them that Stop Staring has an incontestable federal registration for its "Stop Staring" mark, and therefore, in my view, ownership and protectability should be a foregone conclusion under the circumstances of this case.  Counsel for Defendants stated that they were not inclined to stipulate to any element of Stop Staring's trademark infringement claim.  I have not received any contrary indication or representation to date.

7.      To prove its federal trademark infringement claim, Stop Staring intends to present extensive documentary evidence and testimony regarding, for example, its prior use of the mark, consumer recognition of the mark, its sales and advertising under the mark, Defendants' use of the mark and confusion caused by Defendants' use of the mark.

8.      Many witnesses – including several third-party witnesses – possess personal knowledge related to trademark issues.  For example, all 11 of the lay witnesses on Stop Staring's witness list possess personal knowledge of issues related to trademark infringement. All of those witnesses also possess personal knowledge related to the trade dress claim.  Therefore, if the trademark claim were bifurcated, essentially every single one of Stop Staring's witnesses – including several third-party witnesses – would be required to testify twice.

9.      Requiring witnesses to testify twice – once on trademark issues and once on trade dress issues – would constitute an unnecessary burden and inconvenience, in my view.  For example, several third-party witnesses are traveling from outside Los Angeles County to attend trial.  Yvette Jimenez will be traveling from San Diego; Laura Newhall-Allen from San Clemente; Bob Berry from Indiana; and Tonie Hanes from Missouri.  Another third-party witness – Madeline Yang – recently gave birth to and is caring for a young child.  Several of the third-party witnesses such as Mr. Berry and Ms. Yang are the owners of small businesses and their time traveling to and attending trial will put a strain on their businesses.  It is unlikely that some of the third-party witnesses who are outside the Court's subpoena power will voluntarily appear at trial twice.  If a witness failed to appear for one of the trials, the truth finding process would be impaired.

10.     Furthermore, both the plaintiff and defendants are relatively small businesses whose owners are heavily involved in their day-to-day operations. Requiring the owners, Alicia Estrada and James Atyeo, to attend not one but two separate trials would put a strain on Stop Staring's business.  Moreover, multiple

1 | trials will require plaintiff's counsel to duplicate work and attend duplicative
2 | proceedings, thus further increasing Stop Staring's attorney's fees and costs.

3 |      11.    The testimony and evidence related to the trademark claim that Stop

4 | Staring anticipates putting on substantially overlaps with the anticipated testimony

5 | related to the trade dress claim.  Stop Staring oftentimes used its trademark and

6 | trade dress concurrently.  Under Defendants' proposed bifurcation, a witness would

7 | be required to travel to court on one occasion (and inevitably wait to be called) to

8 | testify to, for example, Stop Staring's use of its trade dress at a 2005 trade show, and

9 | the witness would be required to return to court on a separate occasion (and

10 | inevitably wait to be called) to testify to Stop Staring's use of its trademark at the

11 | same 2005 trade show.  Many of the *Sleekcraft* factors are relevant to both claims –

12 | *e.g.*, (2) proximity of the goods; (5) marketing channels used; (6) type of goods and

13 | the degree of care likely to be exercised by the purchaser; (7) defendant's intent in

14 | selecting the mark; and (8) likelihood of expansion of the product lines.  If the trial

15 | were bifurcated, the exact same evidence on these factors would be required to be

16 | presented twice.  In my view, holding two trials on issues and evidence that are

17 | entwined would constitute an unnecessary and substantial burden and expense.

18 |     Executed this 1st day of August, 2011, at Los Angeles, California.

19 |     I declare under penalty of perjury under the laws of the State of California

20 | that the foregoing is true and correct.

21

22 |                 /s/ Keith J. Wesley

23 |                 Keith J. Wesley

24

25

26

27

28

# EXHIBIT A

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3       -------------------------------
 4    STOP STARING! DESIGNS, a          )      ORIGINAL
 5    California corporation;           )
                                        )
 6                    Plaintiff,        )
                                        )
 7              vs.                     ) No. CVO9-02014
                                        ) Volume I
 8    TATYANA, LLC, a Nevada            )
      corporation d/b/a BETTIE PAGE     ) CONFIDENTIAL
 9    CLOTHING; TATYANA KHOMYAKOVA,     ) ATTORNEYS' EYES
      an individual; JAN GLASER, an     ) ONLY
10    individual; and DOES 1 through    )
      10, inclusive,                    )
11                                      )
                      Defendants.       )
12       -------------------------------
13
14
15
16       Videotaped Deposition of ALICIA ESTRADA,
17       taken at 4000 MacArthur Boulevard, West
18       Tower, Suite 1100, Newport Beach, California,
19       commencing at 10:05 a.m., Wednesday,
20       May 12, 2010, before Shari Stellhorn, CSR
21       No. 2807.
22                              RECEIVED
23
24                              MAY 25 2010
25       PAGES 1 - 246          Browne Woods George LLP
                                                        1
```

EXHIBIT A

CONFIDENTIAL-ATTORNEYS' EYES ONLY

```
1    APPEARANCES OF COUNSEL:

2

3    FOR PLAINTIFF:
         BROWNE WOODS GEORGE LLP
4        BY:  KEITH J. WESLEY, ESQ.
         2121 Avenue of the Stars, Sutie 2400
5        Los Angeles, California  90067
         310.274.7100
6        kwesley@bwgfirm.com

7

8    FOR DEFENDANTS:
9        ONE LLP
         BY: CHRIS ARLEDGE, ESQ.
10            and
         IMRAN F. VAKIL, ESQ.
11       4000 MacArthur Boulevard
         West Tower, Suite 1100
12       Newport Beach, California  92660
         949.502.2876
13       carledge@onellp.com
         Ivakil@onellp.com

14

15

16

17   ALSO PRESENT:
18       BILL FLANNIGAN, Videographer
19       JAMES ATYEO
20

21

22

23

24

25
```

2

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    not want our customers to be confused by the fact

 2    that, A, they had copied the trade dress, you know,

 3    and all -- everything about the trade dress they --

 4    we used this trade dress in our booth at Magic Trade

 5    Show where we meet with hundreds of stores, so          17:09:24

 6    they're confusing customers, they're putting on

 7    their website that they staring Stop Staring!

 8    clothing, so to me it was the only choice I had, was

 9    to change my trade dress, and, obviously, once they

10    stopped using it, I have every intention to go back    17:09:41

11    and use it again.

12         Q.    Was Bettie Page's use of Stop

13    Staring!'s trade dress probably the reason that Stop

14    Staring! changed their website, most likely the

15    reason that Stop Staring! changed its website or       17:09:59

16    absolutely the reason that Stop Staring! changed its

17    website?

18               MR. WESLEY:  Objection.  Compound,

19    vague.

20               THE WITNESS:  I -- it's highly most          17:10:11

21    likely the main reason why I changed my website.

22    BY MR. ARLEDGE:

23         Q.    Highly most likely the main reason.

24    Okay.

25               Are there other possible reasons that        17:10:20
                                                                   229
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1           DECLARATION UNDER PENALTY OF PERJURY

2

3              I hereby declare under Penalty of

4  Perjury that the foregoing is my Statement Under

5  Oath and are the questions asked of me and are my

6  answers hereto; that I have read same and have made

7  necessary corrections, additions, or changes to my

8  answers that I deem necessary.

9

10            In witness thereof, I hereby

11  subscribe my name this _____ day of _____

12

13

14          _____

15              ALICIA ESTRADA

16

17

18

19

20

21

22

23

24

25

                                                      245

CONFIDENTIAL ATTORNEYS' EYES ONLY

```
 1                    CERTIFICATE
 2                        OF
 3          CERTIFIED SHORTHAND REPORTER
 4

 5
         The undersigned Certified Shorthand Reporter
 6
    and deposition officer of the State of California
 7
    does hereby certify:
 8
         that the foregoing Deposition was taken
 9
    before me at the time and place therein set
10
    forth, at which time the Witness was duly sworn
11
    by me:
12
         that the testimony of the Witness and all
13
    objections made at the time of the Deposition
14
    were recorded Stenographically by me and was
15
    thereafter transcribed, said transcript being a
16
    true and correct copy of the proceedings
17
    thereof.
18
    In witness whereof, I have subscribed my
19
    Name this date:  May 21, 2010.
20
21
22
23               Shari Stellhorn
24               _____
25               Shari Stellhorn
                 Certificate No. 2807
```

246

# EXHIBIT B

Attorneys' Eyes Only

1            UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3    --------------------------------

4    STOP STARING! DESIGNS, a       )

5    California corporation;       )    **ORIGINAL**

                                  )

6             Plaintiff,       )

                                    )

7            vs.            ) No. CVO9-02014

                                    ) Volume I

8    TATYANA, LLC, a Nevada       )

      corporation d/b/a BETTIE PAGE    )

9    CLOTHING; TATYANA KHOMYAKOVA,    )

      an individual; JAN GLASER, an    )    RECEIVED

10   individual; and DOES 1 through )     JUL 28 2010

      10, inclusive,            )

11                          )   Browne Woods George LLP

12           Defendants.       )

      --------------------------------

13

14       CONFIDENTIAL ATTORNEYS' EYES ONLY

15

16

17       Deposition of JAMES ATYEO taken at

18       4000 MacArthur Boulevard, West Tower,

19       Suite 1100, Newport Beach, California,

20       commencing at 10:05 a.m., Thursday,

21       July 15, 2010, before Shari Stellhorn,

22       CSR No. 2807.

23

24

25    PAGES 1 - 265

                                        Page 1

EXHIBIT B

Attorneys' Eyes Only

1    APPEARANCES OF COUNSEL:

2

3    FOR PLAINTIFF:

4        BROWNE WOODS GEORGE LLP

5        BY:  KEITH J. WESLEY, ESQ.

6        2121 Avenue of the Stars, Sutie 2400

7        Los Angeles, California  90067

8        310.274.7100

9        kwesley@bwgfirm.com

10

11   FOR DEFENDANTS:

12       ONE LLP

13       BY: CHRIS ARLEDGE, ESQ.

14       4000 MacArthur Boulevard

15       West Tower, Suite 1100

16       Newport Beach, California  92660

17       949.502.2876

18       carledge@onellp.com

19

20   ALSO PRESENT: Jacqueline McDonald

21                 Maral Vahdani

22

23   VIDEO OPERATOR:  Scott Slater

24

25

Page 2

Attorneys Eyes Only

```
 1   site, so that when people -- the wholesaler got to
 2   the show, saw the site, they'd see the booth, they'd
 3   go, "Oh, that's Stop Staring!"
 4        Q.     What were the -- to you as the web
 5   designer, what were the important elements that you      14:35:28
 6   were combining in order to create the website we see
 7   at the top of Exhibit 202?
 8        A.     What were the most important elements?
 9        Q.     Yeah, in your mind as the web designer.
10            MR. WESLEY:   Objection.  Vague.             14:35:40
11            THE WITNESS:   It's -- everything in its
12   entirety create the entire look and feel of the
13   site.  The boomerangs, the stars, the color
14   combinations, the specifics of those combinations
15   and the uses of those colors are what encompasses        14:35:52
16   the whole site and its look in its entirety.
17            As I said, this is the only the front
18   page; the second page goes even deeper.
19   BY MR. ARLEDGE:
20        Q.     What colors did you choose for the          14:36:04
21   website?
22        A.     The specific greens and the pinks, they
23   were very specific in their choosing.  The colors of
24   the boomerangs were very specific to make sure that
25   they were consistent with each other and consistent     14:36:17
```

Page 161

Attorneys' Eyes Only

```
 1    with the booths.
 2          Q.     How did you go about selecting this
 3    particular color of green?
 4          A.     The particular color of green?
 5    Actually, that would have been a -- what's the right    14:36:26
 6    word -- what am I looking for -- collaboration
 7    between me and my wife deciding on the final
 8    outcomes.
 9          Q.     Why did you settle on this particular
10    color green?                                            14:36:38
11          A.     The particular color of green?
12    Speculative.  I mean, it's -- I don't know how as a
13    designer in that sense and my wife is a designer --
14                 THE REPORTER:  Time out.
15                 My wife as a designer --
16                 THE WITNESS:  My wife as a designer and
17    myself as a visual designer on, say, websites or
18    graphics, certain colors are chosen specifically
19    that become attractive to the viewer.  I don't know
20    how to explain it other than you could mix a           14:37:08
21    different color green, it's not going to work with
22    that pink, so to achieve the right green it's a
23    combination of collecting different greens until you
24    find that right combination that is visually
25    pleasing and not displeasing to the actual viewer.     14:37:24
```

Page 162

Attorney Eyes Only

```
 1                    First, since we have --
 2          A.      On your question it bears down to one
 3     of these three.
 4          Q.      One of which three?
 5          A.      More than likely one of these two, I        15:35:49
 6     believe.
 7          Q.      Okay.
 8                  Before we do that -- and I do think
 9     it's worth doing -- you were telling me that
10     Exhibit 204 was in your opinion very similar to        15:36:02
11     Exhibits 22 and 203; is that right?
12          A.      Yes.
13          Q.      What is it about Exhibit 204 that you
14     believe was similar to Stop Staring!'s catalogs 22
15     and 203?                                                15:36:16
16          A.      Colors, the pinks and the greens.
17                  What upset me the most at the trade
18     show about it, even though we didn't have that
19     particular catalog and that particular essence, it
20     wasn't the catalogs that really set me off.  What      15:36:28
21     set me off was that my booth is that same color
22     arrangements, it's pink and those greens, so if you
23     walked up and were you walking in the trade show and
24     you say, "Oh, look at that, oh, Stop Staring!, must
25     be Bettie Page, it's the same colors."                 15:36:42
```

Page 200

Attorneys Eyes Only

```
 1              The color of my booth was exactly their
 2    catalog, so if I changed mine, it wouldn't look --
 3    their catalog looked just like me, so that was what
 4    disheartened me.
 5         Q.    What else is it that -- what else is it    15:36:56
 6    that bothered you about the Bettie Page catalog that
 7    you saw at that Magic trade show?
 8         A.    Well, the encompassing photos -- a lot
 9    of things started to bother me -- certain imageries,
10    comparatives -- break them apart without messing      15:37:10
11    anything up.
12              Let's start for first -- let's see.
13    First image is similar to something we had done
14    before -- not exactly the same -- but this
15    particular layout started to bug me.                  15:37:26
16         Q.    Okay.  Now let's be clear what you're
17    talking about.
18              You're looking at Page 2, Exhibit
19    204 --
20         A.    Yes, correct.                              15:37:34
21         Q.    -- which is Bates stamped BP 003183 and
22    you are comparing it to what?
23         A.    I am going to compare it to -- let me
24    get the correct -- as I said, it could either be
25    this one or this one.  It's either one of these two   15:37:45
```

Page 201

Attorneys Eyes Only

```
1              DECLARATION UNDER PENALTY OF PERJURY

2

3                   I hereby declare under Penalty of

4       Perjury that the foregoing is my Statement Under

5       Oath and are the questions asked of me and are my

6       answers hereto!; that I have read same and have made

7       necessary corrections, additions, or changes to my

8       answers that I deem necessary.

9

10                  In witness thereof, I hereby

11      subscribe my name this _____ day of _____

12

13

14                 _____

15                            Witness

16

17

18

19

20

21

22

23

24

25

                                              Page 264
```

Attorneys Eyes Only

CERTIFICATE
OF
CERTIFIED SHORTHAND REPORTER


The undersigned Certified Shorthand Reporter

and deposition officer of the State of California

does hereby certify:

that the foregoing Deposition was taken

before me at the time and place therein set

forth, at which time the Witness was duly sworn

by me:

that the testimony of the Witness and all

objections made at the time of the Deposition

were recorded Stenographically by me and was

thereafter transcribed, said transcript being a

true and correct copy of the proceedings

thereof.

In witness whereof, I have subscribed my

Name this date:  July 22, 2010.


Shari Stellhorn
Certificate No. 2807

Page 265

# EXHIBIT C

# BROWNE WOODS GEORGE LLP

CHERYL PRIEST AINSWORTH⁴
MARTA B. ALMLI
IRA G. BIBBERO
MICHAEL A BOWSE
ROBERT B. BROADBELT
ALLAN BROWNE⁴
ERIC M. GEORGE
STEPHANIE M. KAUFMAN
BRIAN C. KERR*¹ ****
SYLVIA P. LARDIERE
SUSAN K. LEADER
SONIA Y. LEE
AMANDA L. MORGAN
OLIVIA VASILESCU PALMER**
MARCY RAILSBACK
PETER W. ROSS
BENJAMIN D. SCHEIBE
PETER SHIMAMOTO**
ALEX STOLYAR
REBECCA TINGEY**
LEE A. WEISS** ***
KEITH J. WESLEY
ANDREW WILMAR**
EDWARD A. WOODS

⁴A PROFESSIONAL CORPORATION
**ADMITTED IN NEW YORK
***ADMITTED IN TEXAS
****ADMITTED IN CONNECTICUT
⁴ADMITTED IN FLORIDA

LAW OFFICES

2121 AVENUE OF THE STARS
SUITE 2400
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 274-7100
FACSIMILE (310) 275-5697
WWW.BWGFIRM.COM

49 WEST 37ᵀᴴ STREET, 15ᵀᴴ FLOOR
NEW YORK, NEW YORK 10018
TELEPHONE (212) 354-4901
FACSIMILE (212) 354-4904

LOS ANGELES, CA
NEW YORK, NY

OUR FILE NO.

7187-001

June 24, 2010

## BY FEDERAL EXPRESS

Peter R. Afrasiabi, Esq.
Chris W. Arledge, Esq.
Imran F. Vakil, Esq.
ONE LLP
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, CA 92660
pafrasiabi@onellp.com
carledge@onellp.com
ivakil@onellp.com

Re:   *Stop Staring! Designs v. Tatyana, LLC, et al.*
      USDC Case No. 09-CV-02014 DSF (AJWx)

Dear Counsel:

Enclosed is a DVD containing documents Bates-labeled SSD 0585 – SSD 1264 produced by Stop Staring! Designs.

249011_1.DOC



LAW OFFICES
BROWNE WOODS GEORGE LLP

June 24, 2010
Page 2

Very truly yours,

Emma Sutherland
Paralegal

:es
Enclosure

cc:    Keith J. Wesley, Esq.
       Cheryl Priest Ainsworth, Esq.

249011_1.DOC

# EXHIBIT D



EXHIBIT P

SSD 1230



SSD 1231



SSD 1232



SSD 1233



SSD 1234



**SSD 1235**



SSD 1236



SSD 1237



SSD 1238



SSD 1239



SSD 1240



SSD 1241



SSD 1242



SSD 1243



SSD 1244



SSD 1245



SSD 1246



SSD 1247



SSD 1248



SSD 1249



SSD 1250



**SSD 1251**



SSD 1252



SSD 1253