BROWNE WOODS GEORGE LLP
Peter W. Ross (State Bar No. 109741)
 pross@bwgfirm.com
Keith J. Wesley (State Bar No. 229276)
 kwesley@bwgfirm.com
Cheryl Priest Ainsworth (State Bar No. 255824)
 cainsworth@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff and Counterdefendant STOP STARING! DESIGNS, and Counterdefendant ALICIA ESTRADA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STOP STARING! DESIGNS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TATYANA, LLC, a Nevada corporation d/b/a BETTIE PAGE CLOTHING; TATYANA KHOMYAKOVA, an individual; JAN GLASER, an individual; DESIGN TECHNOLOGY GROUP LLC, a Nevada limited liability company d/b/a BETTIE PAGE CLOTHING, and Does 1 through 10, inclusive,<br><br>Defendants.<br><br>TATYANA, LLC, a Nevada corporation d/b/a BETTIE PAGE CLOTHING,<br><br>Counterclaimants,<br><br>vs.<br><br>STOP STARING! DESIGNS, a California corporation; ALICIA ESTRADA, an individual; and ROES 1-10, inclusive,<br><br>Counterdefendants. | Case No. CV-09-02014 DSF (AJWx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5: TRADE SHOW BOOTH**<br><br>Judge: Hon. Dale S. Fischer<br>Date: August 15, 2011<br>Time: 3:00 p.m.<br>Crtrm.: 840 |

287574.1

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5: TRADE SHOW BOOTH

## 1. Introduction.

Defendants' motion *in limine* number 5 is based on both a fundamental misunderstanding and a fundamental misstatement of fact.

The fundamental misunderstanding is that Stop Staring intends to argue at trial that defendants used a trade show booth with the same design elements as Stop Staring's trade show booth. Stop Staring does not harbor that intent. Rather, Stop Staring's trade show booth possesses an overall look and feel that is consistent with its website design in issue and certain of its catalogs. This overall look and feel is what constitutes Stop Staring's trade dress in issue. Defendants infringed Stop Staring's trade dress by publishing a website and certain catalogs that had a confusingly similar look and feel. In other words, Stop Staring's trade show booth is simply another example of Stop Staring's prior use of a particular design scheme to promote its products. It is another example of the trade dress in issue.

The fundamental misstatement is that Defendants were unaware of the relevance of Stop Staring's trade show booth. Defendants were aware or should have been aware of its relevance. For example:

- Defendants claim that "Stop Staring never produced any documents showing (1) what its trade show booth(s) looked like . . . ." (Motion at 5:8-9.) That statement is false. Stop Staring produced dozens of pictures of its trade show booth to defendants on June 24, 2010 – *i.e.*, during discovery and over a year before trial. Stop Staring even attached one of the pictures to its opposition to defendants' motion for summary judgment, filed on October 25, 2010. (Doc. No. 105-2 at p. 42 – Exhibit 316 to the Estrada Declaration.)

- Defendants claim that Stop Staring failed to disclose information about its trade show booth in response to certain discovery responses. Yet the interrogatory cited by defendants did not call for such disclosure, and

- Stop Staring did in fact provide documents and testimony related to its trade show booth during discovery.
- Perhaps most remarkably (and hyperbolically) Defendants state that Stop Staring "surreptitiously with[held] its claims for two years, then attempt[ed] to subject defendants to a trial by ambush" which constitutes a "despicable tactic[]". (Motion at 7:5-8.) In reality, Stop Staring clearly and expressly set forth its position regarding its trade show booth in depositions, in its opposition to defendants' motion for summary judgment and in an expert report.

In sum, either Defendants are trying to mislead the Court or they were not paying close enough attention. Regardless of which scenario is true, Stop Staring provided more than adequate and timely notice of its position regarding its trade show booth, and there is no reason to exclude evidence or assertions in that regard.

## 2. The Relevance Of Stop Staring's Trade Show Booth Design To Stop Staring's Claims.

In this case, Stop Staring alleges that Defendants intentionally infringed upon its trade dress. The trade dress in issue consists of the overall look and feel of the way that Stop Staring marketed its products to the world, as evidenced by the design of its website and certain catalogs. Although it is essentially impossible to convey a trade dress based on a verbal description, some key elements of Stop Staring's trade dress in issue include the following:

> [A] pink and light green color scheme, a series of stars with uniform shapes but different sizes that appear to shoot out thin rays of light, a green boomerang shape set on top of a pink background with writing superimposed on top of the green boomerang, and, in the center of the page, several pictures of curvaceous women models in 1940s/1950s retro-style dresses, with 1940/1950s retro-

style hair and makeup striking seductive poses and set in front of solid-colored, pastel backgrounds.

Third Amended Complaint, ¶ 55; *see also* Atyeo Decl., Ex. G (examples of Stop Staring's relevant website and catalog pages).

Consistent with the look of Stop Staring's relevant website and catalogs was the look of the Stop Staring trade show booth. (*See* Wesley Decl., Ex. D.) The booth featured the same color scheme and many of the same elements as the Stop Staring website. The consistency of Stop Staring's image was no accident. Like many businesses, Stop Staring employed a uniform, distinctive look and feel specifically so that consumers would begin to associate that look and feel with Stop Staring.

Therefore, Stop Staring's trade booth is relevant to this case for multiple reasons. First, the booth is a further example of Stop Staring's use of a certain design aesthetic to market itself and its brand – *i.e.*, it is further evidence of Stop Staring's use of its trade dress, or a variation thereof. Second, Defendants first learned of Stop Staring when encountering Stop Staring's trade show booth at the MAGIC trade show in Las Vegas. The encounter preceded Defendants' formation of Bettie Page Clothing and the creation of the Bettie Page Clothing website. Therefore, the trade show booth is further evidence of Defendants' knowledge of the look and feel of Stop Staring's trade dress, and thus their intent to copy and trade upon Stop Staring's goodwill.

3. **Defendants Have Known Or Should Have Known Of Stop Staring's Position Regarding Its Trade Show Booth For Over A Year And Have Not Been Prejudiced By The Manner Of Its Disclosure.**

   A. **Defendants Have Known Or Should Have Known Of Stop Staring's Position Regarding Its Trade Show Booth For Over A Year.**

Defendants have known, or should have known, of Stop Staring's position

regarding its trade show booth since May 2010. They were provided notice through at least the following:

- On May 12, 2010, Stop Staring's principal, Alicia Estrada, was deposed and testified regarding Defendants' copying Stop Staring's trade dress, as exemplified in Stop Staring's booth at the Magic trade show. (Wesley Decl., Ex. A, Estrada Depo at 229:2-11.)
- On June 24, 2010, Stop Staring produced several pictures of its trade show booth. (Wesley Decl., Exs. C & D.)
- On July 15, 2010, Stop Staring's principal, James Atyeo, was deposed and testified regarding Defendants' copying of Stop Staring's trade dress, as exemplified in Stop Staring's trade show booth. (Wesley Decl., Ex. B, Atyeo Depo at 161:20-162:1, 200:13-201:4.)
- On October 25, 2010, Stop Staring filed its opposition to Defendants' motion for summary judgment. The opposition expressly references the design of Stop Staring's trade show booth – *see, e.g.*, Doc. No. 103 at 13:10-11 ("Bettie Page Clothing re-designed its website to look like the website and trade show booth that Stop Staring had used for years"); 22:23-24 ("That look and feel could be found on Stop Staring's website, in its trade show booth and in its catalogs"). So do the declarations in support of the opposition. (Doc. No. 105 at 6:12-18, Estrada Decl., ¶18; Doc. No. 104 at 2:22-25, Atyeo Decl., ¶5.) In fact, the Estrada Declaration actually attaches a copy of a picture of the trade show booth in issue as Exhibit 316 to the declaration. (Doc. No. 105-2 at p. 42 – Exhibit 316 to the Estrada Declaration.)
- Stop Staring's marketing expert, Gary Frazier, also repeatedly references Stop Staring's trade show booth in his report. (Doc. No. 138 – Frazier Report.)

In sum, Defendants have known, or should have known, for over a year about Stop

Staring's position with regard to its trade show booth. Defendants' representations otherwise are either disingenuous or based on their own neglect.

### B. There Are No Valid Grounds To Exclude Evidence Of Stop Staring's Trade Show Booth, And It Would Be Unjust To Do So.

Defendants assert two general arguments in favor of the requested exclusion: (1) Stop Staring did not provide notice of its claim related to its trade show booth during discovery, and (2) Stop Staring did not include an allegation related to its trade show booth in its complaint.

The first argument is based on a fallacy, as explained above. Defendants have had plenty of notice of Stop Staring's position regarding its trade show booth. To the extent that they desired more information on this topic – e.g., the length of use of the booth, which trade shows Stop Staring attended, or consumer recognition of the booth – they could have asked questions on those topics at deposition or in interrogatories. Defendants did not do so. Moreover, the discovery requests recited in Defendants' motion simply do not call for any information that Stop Staring failed to provide. (Motion at 6:17-7:23.) Finally, even if Defendants had specifically requested discovery regarding the trade show booth, the information requested was "made known to the other parties during the discovery process", Fed. R. Civ. P. 26(e)(1)(A), and any failure to respond would have been "harmless". Fed. R. Civ. P. 37(c)(1); see also Wilson v. Sears, Roebuck & Co., 2011 WL 1119071, at *8 (S.D. Cal. Mar. 28, 2011) ("Plaintiff's arguments under Rule 37(c)(1) are rejected because the evidence was provided to him in discovery, albeit not in the unhelpful, generic responses to interrogatories").

With regard to Defendants' second argument, it is true that none of plaintiff's complaints specifically mentioned Stop Staring's "trade show booth". However, a complaint need not mention every single fact that is relevant to the dispute. The Federal Rules of Civil Procedure merely require "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). Stop

1  Staring has all along included in its complaint a trade dress claim, and, as explained
2  above, the contours of that claim were disclosed, per normal and proper practice,
3  during the course of discovery.
4      Even if the Court were to find that Stop Staring was required to specifically
5  reference its trade show booth in its complaint, the proper and fair remedy would
6  not be to bar Stop Staring from raising that claim at trial. Rather, the appropriate
7  and just solution would be to permit Stop Staring to amend its operative complaint
8  to reference the trade show booth. *See* Fed. R. Civ. P. 15(b)(1) ("If, at trial, a party
9  objects that evidence is not within the issues raised in the pleadings, the court may
10 permit the pleadings to be amended. The court should freely permit an amendment
11 when doing so will aid in presenting the merits and the objecting party fails to
12 satisfy the court that the evidence would prejudice that party's action or defense on
13 the merits."); *see also In re AST Research Securities Litig.*, 887 F. Supp. 231, 236
14 (C.D. Cal. 1995) ("The Court agrees with plaintiffs' assertion that impropriety
15 related to the Tandy acquisition has been a recurring issue in this action. In the
16 Court's estimation, plaintiffs' Second Amended Complaint merely places the
17 proverbial 'meat on the bone.'"). In light of the repeated references and disclosures
18 of Stop Staring's position regarding its trade show booth, Defendants cannot show
19 "that the evidence would prejudice that party's action or defense on the merits."
20 Fed. R. Civ. P. 15(b)(1); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,
21 185-187 (9th Cir. 1987) ("Delay alone is not sufficient to justify the denial of a
22 motion requesting leave to amend").
23     Cases should be decided on their merits. *Gray v. United States*, 2007 WL
24 4644736, at *3 (S.D. Cal. Mar. 12, 2007) (citing "the public policy favoring
25 disposition of cases on the merits"). Defendants' motion in limine number 5 seeks
26 to undermine that goal. Defendants have failed to articulate any persuasive reason
27 why Stop Staring should be precluded from referencing its trade show booth as an
28 example of its trade dress in issue.

**4.  Conclusion.**

For the foregoing reasons, Stop Staring respectfully requests that the Court deny defendants' motion *in limine* number 5.

DATED: August 1, 2011

BROWNE WOODS GEORGE LLP
Peter W. Ross
Keith J. Wesley
Cheryl Priest Ainsworth


By  s/ Keith J. Wesley
Keith J. Wesley
Attorneys for Plaintiff and Counterdefendant STOP STARING! DESIGNS, and Counterdefendant ALICIA ESTRADA

# Responses, Replies and Other Motion Related Documents

2:09-cv-02014-DSF-AJW Stop Staring! Designs v. Tatyana, LLC et al
(AJWx), AO120, DISCOVERY, MANADR, PROTORD

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Wesley, Keith on 8/1/2011 at 5:06 PM PDT and filed on 8/1/2011

**Case Name:** Stop Staring! Designs v. Tatyana, LLC et al
**Case Number:** 2:09-cv-02014-DSF-AJW
**Filer:** Alicia Estrada
Stop Staring! Designs
**Document Number:** 173

**Docket Text:**
**MEMORANDUM in Opposition to MOTION IN LIMINE (5) to Preclude Plaintiff from Introducing Evidence or Referring to Plaintiff's Alleged Trade Dress Rights or Defendants' Alleged Infringement of Such Rights Regarding Plaintiff's Trade Show Booth MOTION IN LIMINE (5) to Preclude Plaintiff from Introducing Evidence or Referring to Plaintiff's Alleged Trade Dress Rights or Defendants' Alleged Infringement of Such Rights Regarding Plaintiff's Trade Show Booth[141] filed by Counter Defendants Alicia Estrada, Stop Staring! Designs, Plaintiff Stop Staring! Designs. (Wesley, Keith)**

**2:09-cv-02014-DSF-AJW Notice has been electronically mailed to:**

Cheryl Priest Ainsworth     cainsworth@bwgfirm.com

Christopher W Arledge     carledge@onellp.com, cprice@onellp.com

Imran Farooq Vakil     ivakil@onellp.com, cprice@onellp.com

Keith J Wesley     kwesley@bwgfirm.com, dtorosyan@bwgfirm.com

Peter R Afrasiabi     pafrasiabi@onellp.com, cprice@onellp.com

Peter W Ross     pross@bwgfirm.com, cainsworth@bwgfirm.com, jware@bwgfirm.com

Todd Evan Chvat     tchvat@wrightlegal.net

**2:09-cv-02014-DSF-AJW Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Users\dtorosyan\Desktop\Opposition to Molim #5.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/1/2011] [FileNumber=12045612-0]
[464bb50fab5dd343cf10ad1298671ce1a0c35c7b3e5f21707b946a03f19fef7c4b9b
97fb1127f4141fca36f2d35092b9e058e2aed9b2874cbd6063f639f1b402]]