UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 09-2014 DSF (AJWx) | Date | 8/11/11 |
| Title | Stop Staring! Designs v. Tatyana, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Tentative Order re Plaintiff's Motions in Limine

Motion in Limine #1

The Court has no tentative ruling on this motion pending submission of supplemental briefing.

Motion in Limine #2

Plaintiff moves to exclude evidence that Plaintiff lacked a manufacturing license and worker's compensation insurance. Defendants do not oppose that portion of the motion. Plaintiff also argues that evidence that it used names of celebrities in conjunction with the sale of its dresses is irrelevant to the issues in this case. The Court agrees. Defendants' explanation of the supposed relevance of this evidence is difficult to understand. Defendants seem to believe that the evidence will help establish that Defendants did not need to associate themselves with Plaintiffs because Defendants had the benefit of the powerful Betty Page name. Evidence that <u>Plaintiff</u> used celebrity names has only the most attenuated connection to this argument and is excluded as irrelevant, or alternatively, because its minimal relevance is outweighed by the time necessary to develop the evidence at trial.

Motion in Limine #3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Plaintiff moves to exclude testimony from Defendants' principals and a model associated with Defendants about customer statements about Plaintiff's statements. The Court agrees that this is hearsay. Direct statements by the customers as to what they were told by Plaintiff would not be hearsay because they are statements of a party-opponent. Fed. R. Evid. 801(d)(2)(A). However, separate witnesses' testimony about what customers told them Plaintiff said is clearly hearsay. Defendants provide no hearsay exception that would apply and the Court sees none. Defendants argue that it is possible that the statements by the customers could be offered for something other than to prove the truth of what Plaintiffs told the customers, but Defendants do not offer any example of how this might be.

Motion in Limine #4

Defendants did not file an opposition to Motion in Limine #4. The evidence is excluded.

Motion in Limine #5

Plaintiff seeks to exclude portions of the rebuttal expert testimony of Antonio Sarabia. Defendants agree that Sarabia's opinions A-F are no longer relevant. Defendants claim that opinion H continues to be relevant and admissible because Sarabia will testify to the differences between wholesale and retail buyers and why, on the facts of this case, it is not likely that wholesale buyers would be confused. Even if this would be admissible as general expert testimony, it is not admissible as rebuttal testimony because the expert testimony that Sarabia is allegedly rebutting – certain opinions of Gary Frazier – have been excluded.

Motion in Limine #6

Plaintiff seeks to exclude certain opinions of expert witness Laurel Sutton related to the value of the Betty Page name and the likelihood of confusion between the parties' trade dress. Defendant appears to have agreed not to seek admission of this testimony.

Motion in Limine #7

Plaintiff seeks to exclude evidence that Plaintiff copied dress designs from third parties. The Court agrees that this evidence has no relevance to any of the issues in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Motion in Limine #8

Plaintiff seeks to exclude the expert testimony of Kent Van Liere. Van Liere is allegedly a rebuttal expert, but he does not mention the testimony of any of Plaintiff's experts. In any event, Plaintiff identifies Van Liere as retained to rebut the opinions of Gary Frazier. As the Court has excluded Frazier's opinions that would arguably be rebutted by Van Liere's testimony, Van Liere's testimony is also excluded.

IT IS SO ORDERED.