| | |
|---|---|
| BROWNE GEORGE ROSS LLP<br>Peter W. Ross (State Bar No. 109741)<br>  pross@bgrfirm.com<br>Keith J. Wesley (State Bar No. 229276)<br>  kwesley@bgrfirm.com<br>2121 Avenue of the Stars, Suite 2400<br>Los Angeles, California 90067<br>Telephone: (310) 274-7100<br>Facsimile: (310) 275-5697<br><br>Attorneys for Plaintiff and Counterdefendant STOP STARING! DESIGNS, and Counterdefendant ALICIA ESTRADA | |

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STOP STARING! DESIGNS, a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>TATYANA, LLC, a Nevada corporation d/b/a BETTIE PAGE CLOTHING; TATYANA KHOMYAKOVA, an individual; JAN GLASER, an individual; DESIGN TECHNOLOGY GROUP LLC, a Nevada limited liability company d/b/a BETTIE PAGE CLOTHING, and Does 1 through 10, inclusive,<br><br>            Defendants.<br><br>TATYANA, LLC, a Nevada corporation d/b/a BETTIE PAGE CLOTHING,<br><br>            Counterclaimants,<br><br>     vs.<br><br>STOP STARING! DESIGNS, a California corporation; ALICIA ESTRADA, an individual; and ROES 1-10, inclusive,<br><br>            Counterdefendants. | Case No. CV-09-02014 DSF (AJWx)<br><br>The Hon. Dale S. Fischer<br><br>**PLAINTIFF AND COUNTER-DEFENDANT STOP STARING! DESIGNS'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS; DECLARATION OF KEITH J. WESLEY** |

571466.1

PLAINTIFF AND COUNTER-DEFENDANT STOP STARING! DESIGNS'S OBJECTIONS TO DEFENDANTS'
BILL OF COSTS

Plaintiff and Counter-Defendant Stop Staring! Designs ("Stop Staring") hereby objects to the bill of costs filed by Defendants and Counter-Claimants on October 23, 2015, Dkt. 347, on the following grounds.

### 1. No Costs Should Be Taxed Because Both Sides Won and Lost on Multiple Claims.

In this case, Stop Staring filed a complaint against the defendants, and the defendants filed a counter-complaint against Stop Staring. Both sides voluntarily dismissed certain claims prior to trial. The case ultimately ended in a mixed result.

- Stop Staring – the party against whom costs are sought – won at trial on its trade dress infringement claim. The jury found that the defendants had infringed upon Stop Staring's trade dress willfully and with malice. The Court then granted a new trial. Prior to the new trial, the Court eliminated certain monetary remedies sought by Stop Staring, and the parties then stipulated to a judgment that would permit Stop Staring to appeal the adverse post-trial rulings.
- Defendants lost at trial on their counter-claims. Therefore, the Court entered judgment against them on those claims. Dkt. 331.

In sum, Defendants ultimately prevailed against Stop Staring's affirmative claims, and Stop Staring prevailed against Defendants' affirmative claims.

Many courts have denied costs altogether when, like here, there is a mixed result. A. Wright, et al., 10 Fed. Prac. & Proc. Civ. § 2668 (3d ed.) ("In some instances costs have been denied to both sides. This result has been considered appropriate when neither side entirely prevailed or when both sides prevailed."); *see also Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs"), *citing Testa v. Village of Mundelein*, 89 F.3d 443 (7th Cir. 1996); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2013 WL

5201064, at *1 (N.D. Cal. Sept. 16, 2013) ("Where, as here, a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties."); *C&E Services, Inc. v. Ashland Inc.*, 601 F. Supp. 2d 262, 280 (D.D.C. 2009) (denying costs where each side prevailed on certain claims). This Court should do the same here.[1]

## 2. No Costs Should Be Taxed In Favor of Defendants Because They Engaged in Misconduct During the Litigation.

Courts can and should deny costs to a prevailing party if that party engaged in misconduct. *Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003) (noting that it has approved the denial of costs to a prevailing party on the basis of its misconduct). Here, no costs should be taxed in favor of Defendants because, although they prevailed on certain claims, they engaged in misconduct, including abuse of the litigation process and perjury.

First, in response to this lawsuit, the defendants attempted to persuade a third party, CMG Worldwide, Inc., to file a retaliatory lawsuit against Stop Staring. Wesley Decl., Ex. 1 (Roesler Decl., ¶5). According to CMG Worldwide, the basis for defendants' proposal was the following: they "believed that [Stop Staring] would be forced to expend additional resources (time, money, attorneys' fees, costs, etc.) fighting simultaneous, parallel actions." *Id.* Defendants even went so far as to state that they would indemnify CMG Worldwide if fees or costs were awarded against it after it had sued Stop Staring. *Id.* Parties who engage in this form of litigation abuse should not be awarded their costs, even if they ultimately prevail in the litigation.[2]

---

[1] To the extent the Court does not deny costs altogether, it should reduce the amount of costs in light of the mixed result.

[2] When confronted at his deposition about the possibility that he had persuaded CMG to file the retaliatory suit against Stop Staring, defendants' owner and (footnote continued)

571466.1
-3-
PLAINTIFF AND COUNTER-DEFENDANT STOP STARING! DESIGNS'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS

Second, during trial, defendant Glaser was impeached with prior inconsistent testimony on a dozen different occasions. Wesley Decl., Ex. 3 (Glaser Trial Testimony Day 2, at 119:2-6, 119:16-120:1; 122:11-123:8; 124:14-24; 125:7-25; 129:10-130:1; 130:2-17; 130:21-131:10; 132:5-133:17; 137:12-25; 138:1-16; 138:17-139:9; 140:6-25).

Third, during trial, Glaser gave incredible testimony, asserting that he had no idea his website looked like Stop Staring's site, despite having visited Stop Staring's site on a regular basis. *Id.*, (Glaser Trial Testimony Day 2, at 123:11-125:2; 131:18-132:4).

Finally, during trial Glaser swore to the jury that Defendants had only used the "pink and green" trade dress in issue for a few months – i.e., between April 2008 and November 2008. Wesley Decl., Ex. 4 (Glaser Trial Testimony Day 3 at 113:3-115:14; 130:6-12). Glaser no doubt recognized that there were no trial exhibits on the parties' joint list that could disprove his timeline, which would substantially mitigate the scope of potential damages and bolster his claimed innocence. What Glaser neglected to realize, however, was that his website developer, Bannerview, had produced clear evidence that Bettie Page Clothing had continued to use the infringing trade dress all the way through at least early 2010. (Wesley Decl., Exs. 358, 360, 361.) When confronted with this impeachment evidence and given one last chance to tell the truth, Glaser clung desperately to his script, regardless of its absurdity. Wesley Decl., Ex. 4 (Glaser Trial Testimony Day 3 at 135:7-12; see also 132:7-135:6). While Glaser clumsily tried to explain away this damning evidence when confronted with it at trial, the jury's findings of intent and malice made clear that they saw through his lies under oath. *See Hiller v. U.S.*, 2008 WL 449846, at *4 (N.D. Cal. Feb. 15, 2008) (costs should have been denied to prevailing party who

---

spokesman, Jan Glaser, lied. Wesley Decl., Ex. 2 (Glaser Depo at 119:22-120:3, 121:16-122:11).

| | |
|---|---|
| 1 | was found not credible at trial). |
| 2 | Awarding costs to a party who engaged in the above-referenced conduct |
| 3 | would be inappropriate and unjust, regardless of whether the party ultimately |
| 4 | prevailed (in part). |
| 5 | Respectfully Submitted: |
| 6 | |
| 7 | DATED: October 30, 2015     Respectfully submitted, |
| 8 | BROWNE GEORGE ROSS LLP |
| | Peter W. Ross |
| 9 | Keith J. Wesley |

By:    s/ Keith J. Wesley
      Keith J. Wesley
Attorneys for Plaintiff and Counterdefendant STOP STARING! DESIGNS, and Counterdefendant ALICIA ESTRADA

571466.1

-5-

PLAINTIFF AND COUNTER-DEFENDANT STOP STARING! DESIGNS'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS

# DECLARATION OF KEITH J. WESLEY

I, Keith J. Wesley, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am a partner with the firm of Browne George Ross LLP, counsel of record for Plaintiff and Counterdefendant STOP STARING! DESIGNS, and Counterdefendant ALICIA ESTRADA in this matter. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. Appended hereto as Exhibit 1 is a true and correct copy of the August 1, 2014 declaration of Mark Roesler submitted in the matter of *CMG Worldwide, Inc. v. Glaser*, et al., U.S. District Court for the Southern District of Indiana Case No. 14-cv-00928-RLY-DKL.

3. Appended hereto as Exhibit 2 is a true and correct copy of excerpts from the July 22, 2010 deposition of Jan H. Glaser taken in this matter.

4. Appended hereto as Exhibit 3 is a true and correct copy of excerpts from the November 9, 2011 trial testimony of Jan H. Glaser in this matter.

5. Appended hereto as Exhibit 4 is a true and correct copy of excerpts from the November 10, 2011 trial testimony of Jan H. Glaser in this matter.

6. Appended hereto as Exhibits 358, 360, and 361 are true and correct copies of exhibits bearing those same numbers, which were in evidence in the trial in this matter.

Executed this 30th day of October, 2015, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

s/ Keith J. Wesley

571466.1
-6-
PLAINTIFF AND COUNTER-DEFENDANT STOP STARING! DESIGNS'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS